United States Courts
Southern District of Texas
FILED

OCT 0 5 2005

Michael N. Milby, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **CANDELARIA C. PONCE, Individually and as Personal Representative for the Estate of ABELINO PONCE, Deceased, ABEL PONCE, NAOMI PONCE, and CANDELARIA MARTINEZ** | § | **G-05-539** |
| **Plaintiffs,** | § | C.A. NO. 3:05CV539 |
| **vs.** | § | **IN ADMIRALTY – RULE 9(h)** |
| ***M/V ALTAIR*, her engines, boilers, tackles, apparel, etc., <u>in rem</u>** | § | |
| **Defendant.** | § | |

**PLAINTIFFS' VERIFIED ORIGINAL COMPLAINT**

**TO THE HONORABLE JOHN R. FROESCHNER, U.S. MAGISTRATE JUDGE:**

Plaintiffs, Candelaria C. Ponce, Individually and as Personal Representative for the Estate of Abelino Ponce, Deceased, Abel Ponce, Naomi Ponce, and Candelaria Martinez, file this Original Complaint complaining of the vessel *M/V ALTAIR*, her engines, boilers, tackles, apparel, etc., in rem, and would respectfully show the Court the following:

**I.**

**JURISDICTION AND VENUE**

1.01 This is a case of admiralty and maritime jurisdiction, as will more fully appear, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Specifically, this action is brought pursuant to General Maritime Law and 33 U.S.C. § 905(b) of the Longshore and Harbor Workers' Compensation Act.

1.02 Venue is proper because Abelino Ponce was killed on the *M/V ALTAIR* while the vessel was alongside within this district.

## II.

## PARTIES

2.01 Plaintiff, Candelaria C. Ponce, is a Texas resident, and is the surviving spouse and Personal Representative of the Estate of Abelino Ponce, Deceased.

2.02 Plaintiff, Abel Ponce, is a Texas resident, and is the surviving adult son of Abelino Ponce, Deceased.

2.03 Plaintiff, Naomi Ponce, is a Texas resident, and is the surviving adult daughter of Abelino Ponce, Deceased.

2.04 Plaintiff, Candelaria Martinez, is a Texas resident, and is the surviving adult daughter of Abelino Ponce, Deceased.

2.05 The *M/V ALTAIR* is the vessel upon which the tragedy occurred, and is sued in rem. On information and belief, the *M/V ALTAIR* is now within this district, and presently occupies a berth at New Terminal Warehouse, 1 Wharf St., Houston, Texas 77012.

## III.

## FACTS

3.01 On or about the morning of October 4, 2005, the Deceased, Abelino Ponce, was working as a longshoreman by and under the direction of his stevedore employer in and about the vessel *M/V ALTAIR* while alongside at the New Terminal facility, within this district.

3.02 Through its duly authorized agents, the vessel *M/V ALTAIR*, permitted and invited the longshoreman, including the Deceased, to board said vessel and perform certain work thereon at the

aforesaid time and place. In the performance of his duties, Abelino Ponce, followed by fellow longshoremen, boarded said vessel to perform work aboard her.

3.03 At all times material, the stevedores were utilizing the ship's gear aboard the *M/V ALTAIR* to conduct cargo operations. Abelino Ponce, Deceased, was operating the ship's gear when, in the course of operations, the controls malfunctioned and cable(s) failed to respond properly – ultimately causing his fatality as a result thereof.

3.04 Abelino Ponce is survived by his adult sons, Abel and Arthur Ponce, his adult daughters, Naomi Ponce and Candelaria Martinez, and his legal wife (though separated for several years), Candelaria C. Ponce.

## IV.

## LIABILITY

4.01 The *M/V ALTAIR* is liable and accountable <u>in rem</u> for the untimely death of Abelino Ponce by reason of the negligence of its agents, representatives and/or employees in one or more of the following particulars:

a. Failing to discharge the duties prescribed by 33 U.S.C. § 905(b);

b. Failing to properly inspect, maintain and/or repair the ship's cargo gear on the vessel;

c. Failing to warn of the improperly inspected, maintained and/or repaired ship's cargo gear on the vessel;

d. Failing to have the vessel and its equipment in such condition that the stevedore could carry on its cargo operations with reasonable safety;

e. Failing to warn the stevedore of dangers that were unknown to Abelino Ponce, yet were known to said Defendant, or which should have been known in the exercise of reasonable care; and

f. Failing to maintain equipment of the *M/V ALTAIR* in a reasonably safe condition.

4.02 Each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of the occurrence in question and death of Abelino Ponce.

4.03 The accident was caused, without any contributing fault or neglect on the part of the Deceased, and solely by the defective and unsafe condition of the vessel and by the fault and negligence of the master and crew of the vessel *M/V ALTAIR*.

**V.**

**DAMAGES**

5.01 Plaintiffs, **Candelaria C. Ponce, Abel Ponce, Naomi Ponce, and Candelaria Martinez,** seek all elements of damages allowed pursuant to Texas law, and as set forth pursuant to the TEXAS WRONGFUL DEATH ACT, including (1) loss of companionship and society; (2) mental anguish; and (3) pecuniary loss, all for which were proximately caused by negligence of the *M/V ALTAIR*.

5.02 Plaintiff, **Candelaria C. Ponce, as Personal Representative of the Estate of Abelino Ponce, Deceased,** hereby seeks all elements of damages allowed pursuant to Texas Law, and as set forth pursuant to the TEXAS SURVIVAL STATUTE, including (1) conscious physical pain, suffering, and mental anguish; (2) reasonable value of medical care; and (3) funeral and burial expenses, all of which were proximately caused by negligence attributable to the *M/V ALTAIR*.

**VI.**

**INTEREST**

6.01 Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

**WHEREFORE** Plaintiffs pray:

**(1)** That a warrant for the arrest of the vessel *M/V ALTAIR* may issue, and that all persons claiming any interest therein may be cited to appear and answer the matter aforesaid;

**(2)** That a judgment may be entered in favor of Plaintiffs for the amount of their claim to be determined, with interest and costs, and that the vessel *M/V ALTAIR* may be condemned and sold to pay the same; and

**(3)** That Plaintiffs may have such other and further relief as the court and justice may deem just and appropriate under the circumstances of the cause.

Very respectfully:

Guy L. Womack
State Bar of Texas No. 00788928
Southern District of Texas No. 19897
GUY L. WOMACK & ASSOCIATES, PC
402 Main, Suite 6 North
Houston, Texas 77002
Telephone: (713) 224-8815
Facsimile: (713) 224-8812
E-mail: guy.womack@usa.net

**Attorney-in-Charge for Candelaria C. Ponce, Individually and as Personal Representative for the Estate of Abelino Ponce, Deceased, Abel Ponce, Naomi Ponce, and Candelaria Martinez**

**OF COUNSEL:**

Geoff L. Womack
State Bar of Texas No. 24047136
Southern District of Texas No. 578103
GUY L. WOMACK & ASSOCIATES, PC
402 Main, Suite 6 North
Houston, Texas 77002
Telephone: (713) 224-8815
Facsimile: (713) 224-8812
E-mail: glwomack@usa.net

Douglas T. Gilman (Subject to approval of Application for Admission *Pro Hac Vice* filed contemporaneously herewith)
State Bar of Texas No. 24048496
MITCHELL & GILMAN, L.L.P.
402 Main, Suite 6 South
Houston, Texas 77002
Telephone (713) 224-6622
Facsimile (866) 543-3643
E-mail: dtgilman@houston.rr.com

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

(b) County of Residence of First Listed Plaintiff HARRIS
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number) [redacted]
GUY L. WOMACK & ASSOCIATES, PC
402 MAIN, SUITE 6 SOUTH 713.224.8815

## DEFENDANTS

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

United States Courts
Southern District of Texas
FILED
OCT 0 5 2005
Michael N. Milby, Clerk of Court

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☒ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
28 U.S.C. § 1333

Brief description of cause:
WRONGFUL DEATH + SURVIVAL PURSUANT TO §905(b)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 10-05-2005

SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

#319568 $250.00