IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| CANDELARIA C. PONCE, ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-05-539 |
| | § | |
| M/V ALTAIR, ET AL. | § | |

## **OPINION AND ORDER**

Before the Court is the "Motion to Intervene" of Virginia Valdez; Valdez seeks to join this lawsuit as the putative wife of Abelino Ponce who died while working as a stevedore aboard the Defendant M/V Altair on October 4, 2005. The Motion is opposed by the Plaintiffs and by Claimant Scarlati Ventures, Inc.. The Motion will be denied.

Under the facts of this case Valdez cannot prove that she was the putative wife of Abelino at the time of his death. The Parties do not dispute the fact that Valdez can establish her status as the putative wife of Abelino from 1994 until 2000 when she first learned of Abelino's existing marriage to Candelaria Ponce. Unfortunately, for Valdez, when she learned that Abelino was still married any putative marriage that had arisen between them came to an end. Garduno v. Garduno, 760 S.W.2d 735, 740 (Tex. App. - - Corpus Christi, 1988)   At that point, Valdez was no longer acting in good faith. See Hunter v. Richardson, 346 F.Supp. 123, 125 (M.D. La.) ("The effects of a putative marriage continue only so long as good faith remains.")[1] Valdez counters by claiming that at some time shortly before his death Abelino told her that he had divorced Candelaria. However, by that time, Valdez was under a duty to investigate any

---

[1] In Garduno, the Court of Appeals cited, with favor, the law of Louisiana regarding putative marriage.

impediment to her putative marriage, Garduno, 760 S.W.2d at 740, and she was not justified in entering into a new putative marriage with Abelino solely on his word alone that he had been divorced from his earlier wife. Hunter, 346 F.Supp. at 125, citing Succession of Hopkins, 114 So.2d 742 (La. App. - - 1959)  Absent some inquiry as to the termination of Abelino's marriage, Valdez cannot, as a matter of law, show that she was reasonable in believing in the validity of her marriage and that there existed no legal impediment to it.

For the foregoing reasons, it is the **ORDER** of this Court that the "Motion to Intervene" of Virginal Valdez (Instrument no. 15) is **DENIED**.

**DONE** at Galveston, Texas, this      21st      day of November, 2005.

John R. Froeschner
United States Magistrate Judge