IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CANDELARIA C. PONCE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-CV-539 |
| | § | |
| M/V ALTAIR, et al., | § | |
| | § | |
| Defendants. | § | |

**FINAL JUDGMENT**

This case came on for an advisory jury trial on October 16, 2006, Honorable Samuel B. Kent presiding. The Court carefully considered all trial testimony, exhibits, and the jury's advisory opinion. The Court has further carefully considered the Pre-Trial Order, together with all relevant attachments, all pleadings on file herein, all post-trial submissions, particularly including proposed findings of fact and conclusions of law from both sides, and the extensive trial briefs of both sides. The Court has carefully considered the transcript of proceedings filed post-trial, together with all of the deposition submissions of each party. The Court has carefully considered applicable statutory and case law, particularly that of the United States Supreme Court and of the United States Court of Appeals for the Fifth Circuit. On the basis of its own careful observations during trial, the making of credibility assessments of all witnesses appearing live at trial, or by deposition, and the detailed consideration of all of the above materials, and in conformity with its Findings of Fact and Conclusions of Law this date entered, the Court now enters the following Final Judgment.

The Court **ORDERS** that Defendants, M/V ALTAIR, etc., Scarlati Ventures, Inc., and BNavi SpA, as owner and operator of the M/V ALTAIR, are jointly and severally, fully and completely liable for failing to "exercise ordinary care under the circumstances" to turn over the ship and its equipment and appliances "in such condition that an expert and experienced stevedoring contractor, mindful of the dangers he should reasonably expect to encounter, arising from the hazards of the ship's service or otherwise, will be able by the exercise of ordinary care" to carry on cargo operations "with reasonable safety to persons and property." Defendants are also liable for the missing and defective runner wire guide which remained under its active control, when it had actual knowledge of the defect and failed to correct it. Liability of each and all Defendants is joint and several. Accordingly, Defendants Scarlati Ventures, Inc. and BNavi SpA as owner and operator of the M/V ALTAIR are jointly and severally 100% liable to Plaintiffs for, and it is **ORDERED** that Plaintiffs do have and recover from each and both of the Defendants, total damages of $1,779,832.09, which were proximately caused by Defendants' negligence, as set out in the Findings of Fact and Conclusions of Law this date entered, together with pre- and post-judgment interest at the rate of 4.96%, also as therein provided.

It is **ORDERED** that prejudgment interest from October 4, 2005, to the date of this Final Judgment accrue at the rate of 4.96% on all past damages.

It is further **ORDERED** that post-judgment interest accrue at the rate of 4.96% on the entire judgment of $1,779,832.09, from the date of this Final Judgment until collected.

**IT IS SO ORDERED.**

**THIS IS A FINAL JUDMENT. The Court FURTHER ORDERS that execution shall issue for this Judgment, if not timely paid.**

**DONE** this 7th day of June, 2007 at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE